NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-538

COMMONWEALTH

vs.

BRIAN K. JOYCE, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was tried and convicted in the Boston Municipal Court on a charge of distribution of a class B controlled substance, in violation of G. L. c. 94C, § 32A. While his direct appeal was pending, he moved unsuccessfully for a new trial on the basis of ineffective assistance of counsel. In this consolidated appeal he raises claims based principally on the latter. Like the motion judge, we discern no basis for relief, and affirm the conviction and the order denying the motion for a new trial. We address the defendant's several claims in turn.

1. The defendant first contends that trial counsel was constitutionally ineffective for attempting to create reasonable doubt by eliciting evidence that police observed the defendant engage in three encounters preceding the encounter giving rise

to the charged offense that appeared visually similar, if not identical, from the perspective of the observing officer.  The defendant asserts that this evidence tended to suggest that the defendant was a serial drug dealer, and cast the defendant as a bad actor.  However, trial counsel's express strategy was to suggest that <u>none</u> of the encounters was a drug sale, and to point to the absence of currency from the preceding encounters to suggest that the Commonwealth's version of events was not credible.[1]  Trial counsel's strategy was not manifestly unreasonable, and indeed sought to offer an alternative innocent explanation for an encounter the police witness described as consistent with a hand-to-hand drug sale.  That trial counsel's strategy was unsuccessful does not mean that it was unreasonable

---

[1] When apprehended, the defendant had one twenty dollar bill in his possession.  Trial counsel argued that if each observed encounter had been a drug sale the defendant should have had multiple bills in his possession, and that in any event possession of twenty dollars in cash was insufficient to prove the defendant was selling drugs.  The defendant's criticism on appeal of trial counsel's failure to elicit evidence of the street value of "crack" cocaine is unavailing.  To begin with, the police offered no testimony that they witnessed the defendant making change during any of the observed encounters, leaving trial counsel free to suggest that the single bill in the defendant's possession was inconsistent with four encounters identical to the one police contended was a drug sale.  In any event, the record on the new trial motion offers no evidence concerning what an attempt to elicit evidence of value would have produced, making any suggestion it would have been helpful rest on speculation.

-- much less manifestly so.  See Commonwealth v. Denson, 489
Mass. 138, 152 (2022).

2.  Prior to trial the defendant moved in limine to exclude
evidence of his statement, at the time of his arrest, that "this
isn't my first time being arrested on drugs."  The statement was
admissible as the statement of a party, see Mass. G. Evid.
§§ 801(d)(2), 404(b) (2023).  Contrary to the defendant's
contention on appeal, the trial judge did not abuse discretion
in concluding that the evidence was admissible to show his
knowledge of the charged conduct, and not inadmissible as
propensity evidence.[2]  In any event, the trial judge refused to
allow certain more prejudicial portions of the statement into
evidence, the trial prosecutor placed little emphasis on the
admission in her closing, and the evidence of the defendant's
guilt was substantial.

3.  Finally, we reject the defendant's contention that the
evidence at trial was insufficient to support the defendant's
conviction.[3]  Even standing alone, the police officer's

---

[2] Among other things, the evidence tended to support the
Commonwealth's suggestion that the absence of other drugs in the
defendant's possession at the time of his arrest could have been
the result of the defendant's decision to swallow other packets
held in his mouth for sale, based on his familiarity with the
arrest process.

[3] As framed on appeal, the argument suggests that "but for" the
testimony of the three prior encounters elicited by the
defendant's trial counsel, the evidence did not support the
conviction.  If successful, the argument would support a new

observation of the defendant spitting out a small bag from his mouth and handing it to a person in exchange for what appeared to be currency, followed a short time later by the apprehension of the other person in possession of a small bag that tested positive for "crack" cocaine and the recovery from the defendant of a twenty dollar bill, when viewed in the light most favorable to the Commonwealth, see Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), was sufficient to establish that the defendant sold drugs to the other person.

Judgment affirmed.

Order denying motion for new
  trial affirmed.

By the Court (Green, C.J.,
  Shin & Hodgens, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered: August 21, 2023.

---

trial, and not a judgment of dismissal, since we assess the sufficiency of the evidence introduced at trial, including even evidence that was introduced in error. See Commonwealth v. Mauricio, 477 Mass. 588, 597 (2017).

[4] The panelists are listed in order of seniority.